# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Donna Lajudice,<br><br>                Debtor | Chapter 13<br><br>Case No.: 16-17217-elf |
| THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for Nationstar Home Equity Loan Trust 2007-A ,<br>                Movant,<br>vs.<br>Donna Lajudice,<br>                Debtor / Respondent,<br>and<br>William C. Miller, Esq.,<br>                Trustee / Respondent. | |

## ORDER

IT IS HEREBY **ORDERED** that the Stipulation of Settlement filed on January 25, 2018 (Doc. # 74) is **APPROVED**.

Date:  1/29/18

_____
**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**

224858-1

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Donna Lajudice,<br>                Debtor. | Chapter 13 |
| THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for Nationstar Home Equity Loan Trust 2007-A,<br>                Movant,<br>vs.<br>Donna Lajudice,<br>                Debtor / Respondent,<br>and<br>William C. Miller, Esq.,<br>                Trustee / Respondent. | Case No.: 16-17217-elf |

STIPULATION IN SETTLEMENT OF
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for Nationstar Home Equity Loan Trust 2007-A ("Mortgagee"), and Donna Lajudice ("Debtor"), by and through their respective counsel, hereby stipulate and agree as follows (as used herein the singular shall include the plural and the masculine shall include the feminine):

1. The automatic stay as provided for by 11 U.S.C. §362 shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. Mortgagee is holder of a mortgage which is a lien on real property owned by Debtor known as and located at 244 Morris Avenue, Woodlyn, PA 19094 ("the Property").

3. The parties certify that there is a post-petition delinquency which is to be cured pursuant to the terms of this stipulation, said delinquency consisting of the following:

224858-1

| | |
|---|---|
| 2 Payments @ $1,998.11 (09/01/2017 – 10/01/2017) | $3,996.22 |
| 3 Payments @ $1,898.04 (11/01/2017 – 01/01/2018) | $5,694.12 |
| Post-petition attorney fees and costs | $826.00 |
| Total Post-Petition Arrears | $10,516.34 |

4. Within ten (10) days of the execution of this stipulation, Debtor shall tender to Mortgagee the sum of $5,000.00 to be applied to the aforementioned post-petition arrears.

5. Commencing on February 1, 2018, Debtor shall resume making regular monthly mortgage payments currently in the amount of $1,898.04 and will pay late charges if applicable.

6. Commencing on February 1, 2018, and continuing through and including July 1, 2018, Debtor shall tender $919.39 per month to Mortgagee in addition to the regular monthly payments. The total payment due each month during this six (6) month period shall be $2,817.43.

7. Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change by Mortgagee, and the monthly payment amount due under the terms of this stipulation shall change accordingly.

8. Should Debtor fail to make any of the payments required by the terms of this stipulation, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Mortgagee may send Debtor and Debtor's counsel a written notice of default of this stipulation. If the default is not cured within ten (10) days of the date of said notice, counsel for Mortgagee may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property. In the event a Notice of Default is issued and the Debtor remits a partial payment, it is

224858-1

agreed that acceptance of partial payment by the Mortgagee during the cure period shall not constitute a satisfaction or waiver of the Notice of Default. Absent a full cure of the Notice of Default, Mortgagee may file its Certification of Default with the Court and pursue the entry of a relief order.

9. In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under this Stipulation, counsel for Mortgagee may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property

STIPULATED AND AGREED TO BY:

_____     Dated: 1/25/18
Robert H. Holber, Esquire
Attorney Robert H. Holber PC
41 East Front Street
Media, PA 19063
Attorney for Debtor

_____     Dated: 1/25/18
Matthew C. Waldt, Esquire
MILSTEAD & ASSOCIATES, LLC
1 E. Stow Road
Marlton, NJ 08053
Attorney for Movant

_____
Donna LaJudice

Date: 1-18-18

224858-1